**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CALEB BARNETT, *et al.*,<br>        Plaintiffs,<br>                vs.<br>KWAME RAOUL, *et al.*,<br>        Defendants. | Case No.  3:23-cv-209-SPM<br>** designated Lead Case |
| DANE HARREL, *et al.*,<br>        Plaintiffs,<br>                vs.<br>KWAME RAOUL, *et al.*,<br>        Defendants. | Case No.  3:23-cv-141-SPM |
| JEREMY W. LANGLEY, *et al.*,<br>        Plaintiffs,<br>                vs.<br>BRENDAN KELLY, *et al.*,<br>        Defendants. | Case No.  3:23-cv-192-SPM |
| FEDERAL FIREARMS<br>LICENCEES OF ILLINOIS, *et al.*,<br>        Plaintiffs,<br>                vs.<br>JAY ROBERT "JB" PRITZKER, *et al.*,<br>        Defendants. | Case No.  3:23-cv-215-SPM |

**STATE DEFENDANTS' RESPONSE TO MOTION FOR LEAVE TO AMEND IN**
***FEDERAL FIREARMS LICENCEES OF ILLINOIS v. PRITZKER***

The plaintiffs in *Federal Firearms Licensees of Illinois v. Pritzker*, No. 3:23-cv-215-SPM (hereinafter, "*FFL*"), one of the partially consolidated actions captioned above, moved for leave to file an amended complaint ("Motion for Leave") with additional claims on October 25, 2023. *FFL* ECF 49. On October 26, 2023, the Court initially ordered the defendants in the *FFL* action— Governor JB Pritzker, Attorney General Kwame Raoul, and Director of the Illinois State Police ("ISP") Brendan Kelly (collectively, "State Defendants")—to respond to the Motion for Leave by November 6, 2023. *FFL* ECF 50. The next day, October 27, the Court moved up the deadline for

the State Defendants to respond to the Motion for Leave to November 1, 2023. *FFL* ECF 51. In accordance with the Court's modified deadline, the State Defendants now provide this response to the Motion for Leave.

The State Defendants believe that the allegations and claims that the *FFL* plaintiffs seek to add through their amended complaint are meritless, making amendment futile under Rule 15. *See Garner v. Kinnear Mfg. Co.*, 37 F.3d 263, 269 (7th Cir. 1994) ("While leave to amend should be freely given when justice requires, district courts have broad discretion to deny motions to amend in cases of undue delay, bad faith or dilatory motives, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice or futility.") Nonetheless, since learning of the *FFL* plaintiffs' intent to amend their complaint and seek immediate injunctive relief based on that pleading, the State Defendants have been engaged in discussions with counsel for the *FFL* plaintiffs regarding the Motion for Leave and their forthcoming preliminary injunction motion ("Second Preliminary Injunction Motion") to streamline proceedings for the parties and the Court. Through these discussions, the State Defendants have endeavored to reach an agreed-upon schedule that would enable the parties to adequately brief the *FFL* plaintiffs' Second Preliminary Injunction Motion prior to January 1, 2024—the statutory deadline for filing endorsement affidavits under the Protect Illinois Communities Act that the *FFL* plaintiffs now seek to challenge.

Consistent with these objectives, the State Defendants have agreed not to oppose the Motion for Leave under Rule 15, while reserving their rights to challenge the sufficiency of the proposed amended complaint under Rule 12, based on the *FFL* plaintiffs' agreement to the following, subject to the Court's approval:

1. The *FFL* plaintiffs agree that the State Defendants may have **90 days** from the Court's granting of the Motion for Leave to answer or otherwise plead to the *FFL* plaintiffs' amended complaint; and

2. The *FFL* plaintiffs agree and do not object to the State Defendants having up to and including **December 1, 2023**, to respond to the forthcoming Second Preliminary Injunction Motion, which the *FFL* plaintiffs agree to file no later than November 3, 2023.

Based on the terms agreed upon by counsel, the State Defendants do not oppose the Motion for Leave and respectfully request that the Court enter a scheduling order consistent with these proposed terms.

The State Defendants note that they have agreed to the briefing schedule proposed above based on the current status of these partially consolidated actions. Should any plaintiff in these partially consolidated actions seek leave to amend, file a preliminary injunction motion, or seek judgment on any claim between now and January 1, 2024, the State Defendants reserve all rights to seek additional time to respond to the *FFL* plaintiffs' Second Motion for Preliminary Injunction or to obtain other appropriate relief from the Court.

Subject to the foregoing, the State Defendants do not oppose the Motion for Leave and request that the Court enter a scheduling order allowing them: (i) 90 days from the allowance of the *FFL* plaintiffs' amended complaint to answer or otherwise plead; and (ii) up to and including December 1, 2023, to respond to the *FFL* plaintiffs' forthcoming Second Motion for Preliminary Injunction, which the *FFL* plaintiffs agree to file on or before November 3, 2023.

Date: November 1, 2023

Respectfully submitted,
/s/ Christopher G. Wells
Christopher G. Wells, No. 6304265
Kathryn Hunt Muse
Gretchen Helfrich
Rebekah Newman
Office of the Attorney General
100 W. Randolph Street
Chicago, IL 60601
(312) 814-3000
Christopher.Wells@ilag.gov

*Counsel for State Defendants*