IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALEB BARNETT, *et al.*,<br>        Plaintiffs,<br>    vs.<br>KWAME RAOUL, *et al.*,<br>        Defendants. | Case No.  3:23-cv-209-SPM<br>** designated Lead Case |
| DANE HARREL, *et al.*,<br>        Plaintiffs,<br>    vs.<br>KWAME RAOUL, *et al.*,<br>        Defendants. | Case No.  3:23-cv-141-SPM |
| JEREMY W. LANGLEY, *et al.*,<br>        Plaintiffs,<br>    vs.<br>BRENDAN KELLY, *et al.*,<br>        Defendants. | Case No.  3:23-cv-192-SPM |
| FEDERAL FIREARMS LICENSEES OF ILLINOIS, *et al.*,<br>        Plaintiffs,<br>    vs.<br>JAY ROBERT "JB" PRITZKER, *et al.*,<br>        Defendants. | Case No.  3:23-cv-215-SPM |

**STATE DEFENDANTS' MOTION TO EXTEND DEADLINE TO RESPOND TO SECOND MOTION FOR PRELIMINARY INJUNCTION TO DECEMBER 8, 2023**

The plaintiffs in *Federal Firearms Licensees of Illinois v. Pritzker*, No. 3:23-cv-215-SPM (hereinafter, "*FFL*"), one of the partially consolidated actions captioned above, filed their second motion for a preliminary injunction ("Second Preliminary Injunction Motion") yesterday, November 13, 2023, in which they seek to enjoin "Illinois's registration requirement" in the Protect Illinois Communities Act. *FFL* ECF 57 at 21. The Court entered an order directing the defendants in the *FFL* action—Governor JB Pritzker, Attorney General Kwame Raoul, and Director of the Illinois State Police ("ISP") Brendan Kelly (collectively, "State Defendants")—to

respond to the Second Preliminary Injunction Motion on or before December 1, 2023. *FFL* ECF 58. Through this motion, the State Defendants respectfully request that they be allowed up to and including December 8, 2023, to respond to the Second Preliminary Injunction Motion.

The primary reason for this request for a 7-day extension is the *FFL* plaintiffs' 10-day delay in filing their Second Preliminary Injunction Motion. As noted in the State Defendants' response to the *FFL* plaintiffs' motion for leave to amend their complaint, counsel for the State Defendants and counsel for the *FFL* plaintiffs reached an agreement regarding a proposed briefing schedule for the Second Preliminary Injunction Motion. *FFL* ECF 53 at 2–3. That proposed schedule was that the *FFL* plaintiffs agreed to file their Second Preliminary Injunction Motion "no later than November 3, 2023," and then the State Defendants would respond by December 1. *Id.* at 3.

However, at approximately 3:31 p.m. on November 3, the Seventh Circuit issued an order vacating this Court's prior preliminary injunction in these partially consolidated actions and extending a stay on that preliminary injunction until its mandate issues. At 8:11 p.m. on November 3, counsel for the *FFL* plaintiffs emailed counsel for the State Defendants stating in relevant part:

> As I am sure you can understand, the Seventh Circuit's unexpected release of its opinion on the first preliminary injunction in this matter just hours ago will require our review to determine to what extent it impacts the preliminary injunction we intended to file today. We will review that opinion over the weekend and hope to have our motion on file by Monday. We will let you know if that changes.

Ex. 1, 11/3/23 8:11 p.m. S. Brady email to C. Wells. The *FFL* plaintiffs did not ultimately "have [their] motion on file by Monday"—i.e., November 6. Instead, the *FFL* plaintiffs waited an additional week, until November 13, to file their Second Preliminary Injunction Motion. *FFL* ECF 57. Despite counsel for the *FFL* plaintiffs' commitment to "let" the State Defendants' counsel "know" if the timeline for filing the Second Preliminary Injunction Motion "changes," counsel for

the *FFL* plaintiffs provided no further communication prior to filing the Second Preliminary Injunction Motion 10 days later.

Approximately two hours after receiving the Second Preliminary Injunction Motion via ECF, counsel for the State Defendants emailed counsel for the *FFL* plaintiffs asking for their agreement to allow the State Defendants an additional week, up to and including December 8, to respond to the Second Preliminary Injunction Motion due to the *FFL* plaintiffs' 10-day delay in filing. Ex. 1, 11/13/23 3:43 p.m. C. Wells email to S. Brady. As of this filing, counsel for the State Defendants have received no response to their request.

The State Defendants understand and acknowledge that the unanticipated timing of the issuance of the Seventh Circuit's opinion had a disruptive effect on counsel for the *FFL* plaintiffs' timeline for filing their Second Preliminary Injunction Motion. But the *FFL* plaintiffs' 10-day delay in filing their Second Preliminary Injunction Motion should not deprive the State Defendants of the time they need to prepare a response. The 10-day delay has been prejudicial to the State Defendants because absent that delay, counsel for the State Defendants would have spent substantial time last week drafting a response and gathering evidentiary support.

At a minimum, the State Defendants hoped that the *FFL* plaintiffs would have narrowed the scope of their Second Preliminary Injunction Motion by foregoing an argument based on a Second Amendment claim they acknowledge this Court may not be able to currently consider given the Seventh Circuit's interlocutory jurisdiction,[1] *FFL* ECF 57 at 14, and that all three members of the Seventh Circuit panel—including the dissenter—found to be unlikely to succeed.

---

[1] As of this filing, the Seventh Circuit has not issued its mandate regarding the interlocutory appeal of this Court's prior preliminary injunction ruling. At least two groups of plaintiffs in the consolidated interlocutory appeal have filed a petition for rehearing *en banc*.

*Bevis v. City of Naperville*, No. 23-1353, 2023 WL 7273709, at *18 (7th Cir. Nov. 3, 2023); *id.* at *30 (Brennan, J., dissenting). But the *FFL* plaintiffs instead chose to press ahead.

Even in the absence of a prior agreement that the State Defendants would have four weeks to respond to the Second Preliminary Injunction Motion, there is good cause to allow the State Defendants the requested 25 days to respond. First, this time period coincides with the Thanksgiving holiday when attorneys and staff of the Office of the Attorney General and their state-agency clients will be traveling and spending time with family for multiple days. Second, the motion raises multiple new historical and fact-based arguments that require the State Defendants to collect and present evidence in a compressed time frame. Third, this 25-day time period coincides with the State Defendants' time to respond to two petitions for rehearing *en banc* already filed regarding the Seventh Circuit's November 3, 2023 order on this Court's resolution of the *FFL* plaintiffs' first motion for preliminary injunction.

Finally, the *FFL* plaintiffs will not be prejudiced by a 7-day extension. They waited more than 9 months to seek to amend their complaint to challenge the constitutionality of the Act's endorsement affidavit requirement—despite the timeline for that requirement being apparent on the face of the Act. And after leave to amend was promptly provided by this Court, the *FFL* plaintiffs waited another 11 days to file their Second Motion for Preliminary Injunction.

In summary, the State Defendants agreed to a December 1 response date because it would allow them 28 days to respond to the Second Preliminary Injunction Motion. Because of the *FFL* plaintiffs' 10-day delay in filing the Second Preliminary Injunction Motion, and for good cause shown, the State Defendants request a 7-day extension to file their response on or before December 8, 2023.

4

WHEREFORE, the State Defendants respectfully request that the Court enter an order allowing the State Defendants up to and including December 8, 2023, to respond to the Second Preliminary Injunction Motion.

Date: November 14, 2023

Respectfully submitted,
/s/ Christopher G. Wells
Christopher G. Wells, No. 6304265
Kathryn Hunt Muse
Office of the Attorney General
100 W. Randolph Street
Chicago, IL 60601
(312) 814-3000
Christopher.Wells@ilag.gov

*Counsel for State Defendants*

## CERTIFICATE OF SERVICE

    I, Christopher G. Wells, an attorney, certify that I caused the foregoing **State Defendants' Motion to Extend Deadline to Respond to Second Motion for Preliminary Injunction to December 8, 2023** to be electronically filed via the Court's CM/ECF system, which caused an electronic copy of the filing to be served on all counsel of record in this action.

Date: November 14, 2023

Respectfully submitted,
/s/ Christopher G. Wells
Christopher G. Wells
*Counsel for State Defendants*